# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# MACON DIVISION

| | | |
|---|---|---|
| DAWN H. COLE, | : | |
| Claimant, | : | |
| v. | : | CASE NO. 5:07-CV-247 (CDL) |
| | : | Social Security Appeal |
| MICHAEL J. ASTRUE, | : | |
| Commissioner of Social Security, | : | |
| Respondent. | : | |

## REPORT AND RECOMMENDATION

The Social Security Commissioner, by adoption of the Administrative Law Judge's determination, denied Claimant's application for social security disability benefits, finding that she was not disabled within the meaning of the Social Security Act and Regulations. Claimant contends that the Commissioner's decision was in error, and she seeks review under the relevant provisions of 42 U.S.C. § 405(g) and 42 U.S.C. § 1383(c). All administrative remedies have been exhausted.

## LEGAL STANDARDS

The court's review of the Commissioner's decision is limited to a determination of whether it is supported by substantial evidence and whether the correct legal standards were applied. *Walker v. Bowen*, 826 F.2d 996 (11th Cir. 1987). Substantial evidence is defined as more than a scintilla and means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 91 S. Ct. 1420, 28 L. Ed. 2d 842 (1971). The court's role in reviewing claims brought under the Social

Security Act is a narrow one. The court may not decide facts, reweigh evidence, nor substitute its judgment for that of the Commissioner.[1] *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983). It must, however, decide if the Commissioner applied the proper standards in reaching a decision. *Harrell v. Harris*, 610 F.2d 355, 359 (5th Cir. 1980). The court must scrutinize the entire record to determine the reasonableness of the Commissioner's factual findings. *Bloodsworth v. Heckler*, 703 F.2d at1239. However, even if the evidence preponderates against the Commissioner's decision, it must be affirmed if substantial evidence supports it. *Id.* The initial burden of establishing disability is on the claimant. *Kirkland v. Weinberger*, 480 F.2d 46 (5th Cir. 1973). The claimant's burden is a heavy one and is so stringent that it has been described as bordering on the unrealistic. *Oldham v. Schweiker*, 660 F.2d 1078 (5th Cir. 1981).

A claimant seeking Social Security disability benefits must demonstrate that he suffers from an impairment that prevents him from engaging in any substantial gainful activity for a twelve-month period. 42 U.S.C. § 423(d)(1). In addition to meeting the requirements of these statutes, in order to be eligible for disability payments, a claimant must meet the requirements of the Commissioner's regulations pursuant to the authority provided by the Social Security Act. 20 C.F.R. § 404.1 et seq.

Under the regulations, the Commissioner determines if a claimant is disabled by a

---

[1] Credibility determinations are left to the Commissioner and not to the courts. *Carnes v. Sullivan*, 936 F.2d 1215, 1219 (11th Cir. 1991). It is also up to the Commissioner and not to the courts to resolve conflicts in the evidence. *Wheeler v. Heckler*, 784 F.2d 1073, 1075 (11th Cir. 1986). See also *Graham v. Bowen*, 790 F.2d 1572, 1575 (11th Cir. 1986).

five-step procedure. 20 C.F.R. § 404.1520, Appendix 1, Part 404. First, the Commissioner determines whether the claimant is working. Second, the Commissioner determines whether the claimant has an impairment which prevents the performance of basic work activities. Next, the Commissioner determines whether the claimant's impairment(s) meets or equals an impairment listed in Appendix 1 of Part 404 of the regulations. Fourth, the Commissioner determines whether the claimant's residual functional capacity can meet the physical and mental demands of past work. Finally, the Commissioner determines whether the claimant's residual functional capacity, age, education, and past work experience prevent the performance of any other work. In arriving at a decision, the Commissioner must consider the combined effect of all the alleged impairments, without regard to whether each, if considered separately, would be disabling. *Bowen v. Heckler*, 748 F.2d 629, 635 (11th Cir. 1984). The Commissioner's failure to apply correct legal standards to the evidence is grounds for reversal. *Id.*

## Administrative Proceedings

Claimant filed for disability benefits on January 26, 2005. (T-54, 57). Claimant's application was denied initially and on reconsideration. Claimant then filed a request for a hearing before an administrative law judge (ALJ), wherein a hearing was ultimately held on March 2, 2006. (T-252-279). Subsequent to the hearing, the ALJ found that the Claimant was not disabled in a decision dated June 14, 2006. (T-10-19). Claimant then requested a review of the ALJ's findings by the Appeals Council. Thereafter, the Appeals Council denied review, making the ALJ's decision the final decision of the Commissioner.

## Statement of Facts and Evidence

Claimant alleges in her disability application that she is disabled due to arthritis in her back and severe eczema. (T-73). After examining the medical records, the ALJ determined that Claimant had arthritis and eczema, impairments that were severe within the meaning of the Regulations but not severe enough to meet, or medically equal, any of the impairments listed in Appendix 1, Subpart P, Regulations No. 4. (T-13). Thereafter, the ALJ found that Claimant had the residual functional capacity to perform a range of light exertional work and that Claimant would not be able to return to her past relevant work. (T-17). After consulting a Vocational Expert, the ALJ found that there were number of jobs available in significant numbers which Claimant could perform. (T-18). As such, the ALJ found that Claimant was not disabled. (T-19).

## DISCUSSION

In the sole issue for determination in this case, the Claimant contends that the ALJ failed to properly evaluate the opinions of her treating physician, Dr. Brown. (R-11, p. 9). Specifically, Claimant argues that the ALJ failed to comply with SSR 96-2p and 96-5p in choosing not to re-contact Dr. Brown to clarify the concerns he had regarding her opinion of the limitations resulting from Claimant's eczema. *Id.*

It is well settled that the opinion of a treating physician is entitled to substantial weight unless good cause exists for not heeding it. *Broughton v. Heckler*, 776 F.2d 960, 961-62 (11th Cir. 1985). A treating physician's report may be discounted when it is not accompanied by objective medical evidence or when it is conclusory. *Schnorr v. Bowen*, 816

F.2d 578, 582 (11th Cir. 1987).  The ALJ can also reject the opinion of any physician when the evidence supports a contrary conclusion or when it is contrary to other statements or reports of the physician.  *Edwards v. Sullivan*, 937 F.2d 580, 583-84 (11th Cir. 1991).  *See also Wilson v. Heckler*, 734 F.2d 513, 518 (11th Cir. 1984).

To give a medical opinion controlling weight the ALJ "must find that the treating sources's opinion is 'well supported' by 'medically acceptable' clinical and diagnostic techniques.  The adjudicator cannot decide a case in reliance on a medical opinion without some reasonable support for the opinion."  S.S.R. 96-2p.  Additionally, the ALJ must find that the treating source's opinion is "not inconsistent" with the other "substantial evidence" of record.  *Id*.

The Regulations define medical opinions as "statements from physicians and psychologists or other acceptable medical sources that reflect judgments about the nature and severity of your impairment(s), including your symptoms, diagnosis and prognosis, what you can still do despite impairment(s), and your physical or mental restrictions."  20 C.F.R. 404.1527(a); *see* SSR 96-5p.  An ALJ is not required to give significance to opinions of any medical provider where the opinion relates to issues reserved solely for determination by the Commissioner; this includes any physician's opinion which states that he or she finds the claimant disabled or that he finds that the claimant's impairments meet or equal any relevant Listing.  20 C.F.R. §416.927(e)(1), (2)& (3); SSR 96-5p.  Determinations of disability or RFC "are not medical opinions, . . . but are, instead, opinions on issues reserved for the Commissioner because they are administrative findings that are dispositive of a case; *i.e.*, that

5

would direct the determination of disability." 20 C.F.R. 404.1527(e); *see* SSR 96-5p.

The law of this circuit is clear that the testimony of a treating physician must be given substantial or considerable weight unless "good cause" is shown to the contrary. The ALJ must clearly articulate the reasons for giving less weight to the opinion of a treating physician, and the failure to do so is reversible error. "Good cause" is found to exist when the doctor's opinion was not bolstered by the evidence, or where the evidence supported a contrary finding. *Lewis v. Callahan*, 125 F.3d 1436, 1440 (11th Cir. 1997) (omitting internal citations).

As stated above, Claimant contends that the ALJ failed to comply with Social Security Regulations 96-2p and 96-5p in discounting the opinion of Dr. Brown. It should be noted, then, that the purpose of S.S.R. 96-2p is "[t]o explain terms used in our regulations on evaluating medical opinions concerning when treating source opinions are entitled to controlling weight." S.S.R. 96-2p. Furthermore, S.S.R. 96-5p, states that:

> Some issues are not medical issues regarding the nature and severity of an individual's impairment(s) but are administrative findings that are dispositive of a case; i.e., that would direct the determination or decision of disability. The following are examples of such issues:
> 1. Whether an individual's impairment(s) meets or is equivalent in severity to the requirements of any impairment(s) in the listings;
> 2. What an individual's RFC is;
> 3. Whether an individual's RFC prevents him or her from doing past relevant work;
> 4. How the vocational factors of age, education, and work experience apply; and
> 5. Whether an individual is "disabled" under the Act.
> The regulations provide that the final responsibility for deciding

6

> issues such as these is reserved to the Commissioner.
> Nevertheless, our rules provide that adjudicators must always carefully consider medical source opinions about any issue, including opinions about issues that are reserved to the Commissioner. For treating sources, the rules also require that we make every reasonable effort to recontact such sources for clarification when they provide opinions on issues reserved to the Commissioner and the bases for such opinions are not clear to us.
> However, treating source opinions on issues that are reserved to the Commissioner are never entitled to controlling weight or special significance. Giving controlling weight to such opinions would, in effect, confer upon the treating source the authority to make the determination or decision about whether an individual is under a disability, and thus would be an abdication of the Commissioner's statutory responsibility to determine whether an individual is disabled.
> However, opinions from any medical source on issues reserved to the Commissioner must never be ignored. The adjudicator is required to evaluate all evidence in the case record that may have a bearing on the determination or decision of disability, including opinions from medical sources about issues reserved to the Commissioner. If the case record contains an opinion from a medical source on an issue reserved to the Commissioner, the adjudicator must evaluate all the evidence in the case record to determine the extent to which the opinion is supported by the record.

S.S.R. 96-5p. Therefore, although the decision of disability is an issue reserved to the Commissioner, the ALJ has a duty to re-contact a medical source if the basis of that medical source's opinion is not clear. *See* 96-5p. The code section applicable to this issue is 20 C.F.R. § 416.912(e), which states:

> (e) *Recontacting medical sources.* When the evidence we receive from your treating physician or psychologist or other medical source is inadequate for us to determine whether you are disabled, we will need additional information to reach a determination or a decision. To obtain the information, we will

7

> take the following actions.
> (1) We will first recontact your treating physician or psychologist or other medical source to determine whether the additional information we need is readily available. We will seek additional evidence or clarification from your medical source when the report from your medical source contains a conflict or ambiguity that must be resolved, the report does not contain all the necessary information, or does not appear to be based on medically acceptable clinical and laboratory diagnostic techniques. We may do this by requesting copies of your medical sources's records, a new report, or a more detailed report from your medical source, including your treating source, or by telephoning your medical source. . . .
> (2) We may not seek additional evidence or clarification from a medical source when we know from past experience that the source either cannot or will not provide the necessary findings.

20 C.F.R. §416.912(e). Subsection (e) specifically states that medical sources will be recontacted when the evidence is inadequate to determine whether a claimant is disabled. In this case, although Claimant states that the ALJ erred, she has failed to provide any evidence that the record was inadequate for the ALJ to make a determination. Medical evidence is not "inadequate" simply because it fails to support Claimant's allegations. See 20 C.F.R. § 416.912(e). It is true that because a hearing before an ALJ is not an adversary proceeding, that an ALJ has a basic duty to develop a full and fair record. However, the failure of Claimant to present adequate medical evidence to support her alleged impairments does not create a duty of the ALJ to seek and produce such evidence for her. It is found, therefore, that the ALJ clearly articulated his reasons for giving less weight to the opinion of Dr. Brown and, further, that his reasons constitute good cause. The ALJ based the decision on the evidence of record, the assessments and evaluations of state agency consultants, as well as

the claims of pain and limitations as subjectively alleged by the Claimant which, based on the medical evidence, the ALJ found only partially credible. Upon review of the entire record, the Commissioner appears to have committed no error in applying the proper legal standard in discounting the opinion of Dr. Brown, and substantial evidence supports his decision. Dr. Brown's treatment notes do not reflect the severity she alleges in her letters, and the other medical evidence does not support her findings. As such, no error is found in the ALJ's decision to discount the opinion of Dr. Brown.

Within the same general claim, Claimant also alleges that the ALJ improperly faulted her for failing to actively seek treatment for her eczema. (R-11; p. 15). Claimant is correct in noting that the ALJ may not penalize her for not obtaining prescribed treatment where she cannot afford it. *Id.* The Eleventh Circuit Court of Appeals has ruled that noncompliance does not prevent a claimant from receiving benefits where noncompliance is the result of inability to afford treatment. *See Dawkins v. Bowen*, 848 F.2d 1211, 1213 (11th Cir. 1988). Although it is apparent that the ALJ did use Claimant's failure to seek more aggressive treatment as one of the reasons he found that her eczema was not severe enough to meet the relevant listing, a remand to have the ALJ perfect the record would serve no practical purpose, would not alter the ALJ's findings, and would be a waste of judicial and administrative resources. *See Graham v. Apfel*, 129 F.3d 1420, 1423 (11th Cir. 1997); *Ware v. Schweiker*, 651 F.2d 408, 412 (5th Cir. 1981); *see also Ward v. Comm'r of Soc. Sec.*, 211 F.3d 652, 656 (1st Cir. 2000) ("a remand is not essential if it will amount to no more than an empty exercise"); *Fisher v. Bowen*, 869 F.2d 1055, 1057 (7th Cir. 1989) ("No principle of

administrative law or common sense requires us to remand a case in quest of a perfect opinion unless there is reason to believe that the remand might lead to a different result."). Because the ALJ cited several other reasons for determining that Claimant's eczema did not meet Listing 8.05, to remand this case for review of this issue would not likely change the ALJ's ultimate conclusions, and would, therefore, be futile.

## **CONCLUSION**

In reviewing the record, no evidence of error is found to substantiate the Claimant's contentions that the ALJ committed reversible error in this case. This Court finds that the ALJ properly evaluated the evidence of record and finds further that the decision of the ALJ is supported by substantial evidence. Moreover, the record fails to reveal evidence of the ALJ acting outside of his judicial role in determining the extent of the Claimant's disability.

**WHEREFORE**, it is the recommendation to the United States District Judge that the decision of the defendant Commissioner of Social Security be **AFFIRMED**. Pursuant to 28 U.S.C. § 636(b)(1), Claimant may serve and file written objections to this recommendation with the UNITED STATES DISTRICT JUDGE within ten (10) days after being served a copy of this recommendation.

**SO RECOMMENDED**, this the 10th Day of July, 2008.

eSw

S/ G. MALLON FAIRCLOTH
UNITED STATES MAGISTRATE JUDGE